UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA JOYCE HEFFNER, | ) | CASE NO. 1:20CV540 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF | ) | OPINION AND ORDER |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court on Plaintiff's Objections (Doc. 22) to the Magistrate Judge's Report and Recommendation (Doc. 21), which recommended the Court affirm the decision to deny Plaintiff's claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). For the following reasons, the Court **ADOPTS** the Report and Recommendation and **AFFIRMS** the Commissioner's decision.

I. BACKGROUND FACTS

The following is a procedural synopsis of Plaintiff's claim. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the facts. For a complete overview of Plaintiff's medical history, see the Magistrate Judge's

Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to Plaintiff's claim.

The current matter involves Plaintiff's claim for SSI and DBI in March of 2017, alleging a disability onset date of August 1, 2011. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was granted. The ALJ held a hearing on October 10, 2018. Both Plaintiff and a neutral vocational expert testified at the hearing. On December 31, 2018, the ALJ concluded that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commission.

On March 11, 2020, Plaintiff timely filed the instant Complaint challenging the Commissioner's final decision. (Doc. 1). On May 6, 2021, the Magistrate Judge issued her Report and Recommendation. (Doc. 21). On May 20, 2021, Plaintiff timely objected to the Report and Recommendation. (Doc. 22). Defendant filed a brief response shortly thereafter. (Doc. 23).

## II. LAW & ANALYSIS

**A.     Standard of Review**

When reviewing a magistrate judge's report and recommendation, a court makes a *de novo* determination regarding the portions to which there are objections. 28 U.S.C. § 636(b)(1). In reviewing the Commissioner's decision however, the district court's review is not *de novo*. *Norman v. Astrue*, 694 F. Supp. 2d 738, 740 (N.D. Ohio 2010). Instead, a district court determines whether the Commissioner applied the proper legal standards and

whether substantial evidence supports the Commissioner's findings. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

'Substantial evidence' has been defined as "more than a mere scintilla" of evidence, *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003), but less than a preponderance of the evidence, *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Thus, if the record evidence is of such nature that a "reasonable mind might accept it as adequate to support" the Commissioner's conclusion, then the determination must be affirmed. *Wright*, 321 F.3d at 614. If such evidence exists, the district court should defer to the Commissioner's determination "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

A district court's role "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. Rather, courts "focus on whether substantial evidence supports the Commissioner's decision[.]" *Id.* at 615.

In her Objection, Plaintiff does not challenge the legal standards that the ALJ employed. Rather, Plaintiff challenges whether substantial evidence supported the ALJ's decision. The Court addresses those objections below.

**B.     Dr. Smith's Opinion**

The Magistrate Judge found no error with the ALJ's treatment of Dr. Smith's opinion. The Magistrate Judge recounted the ALJ's discussion of the opinion, restated Plaintiff's argument and cited the relevant law. After doing so, the Magistrate Judge found

that the ALJ's "explanation included "enough to allow the appellate court to trace the path of his reasoning.'" (Doc. 21, PageID: 970, citing *Stacey v. Comm'r of Soc. Sec.*, 451 Fed. App'x 517, 519 (6th Cir. 2011)). Plaintiff objected to this analysis. According to Plaintiff, the ALJ should have afforded Dr. Smith's opinion more weight because the doctor examined Plaintiff. In doing so, Dr. Smith addressed Plaintiff's difficulties with attention and concentration, and those should have been included in the ALJ's analysis and decision. By failing to do so, Plaintiff argues the ALJ committed a harmful error. (*See* Doc. 22, PageID: 987-88).

The Court agrees with the Magistrate Judge. Notably, Plaintiff does not object to the Magistrate Judge's discussion of the law. In fact, Plaintiff agreed with the Magistrate Judge on the underlying principle: when it comes to a physician who examined, but did not treat, a claimant, the ALJ's decision must say enough to allow the appellate court to trace the path of her reasoning. *Stacey*, 451 Fed. App'x at 519. Instead of disagreeing with the law, Plaintiff argues the ALJ did not provide the requisite path of reasoning.

Upon its own review, the Court disagrees with Plaintiff's objection. At the outset, this case is unlike *Stacey* in that the ALJ here directly addressed Dr. Smith's opinion. Indeed, the ALJ even afforded Dr. Smith's opinion "some weight." So Plaintiff's contention that the ALJ "disregarded" the opinion is without merit. Moreover, the ALJ provided his rationale for affording Dr. Smith's opinion "some weight." (Doc. 13, PageID: 96). Most important to Plaintiff's objection here, the ALJ directly mentioned why he did not accept Dr. Smith's diagnosis of attention deficit hyperactivity disorder ("ADHD"). The ALJ rejected this

- 4 -

diagnosis "because the claimant's psychiatrist has not diagnosed the claimant with [ADHD]." (Doc. 13, PageID: 96).

Accordingly, the ALJ adequately explained the weight he assigned Dr. Smith's opinion and provided this Court with enough discussion to trace the path of his reasoning. Therefore, the Court finds Plaintiff's objection meritless.

### C. Psychiatric Hospitalizations

The Magistrate Judge also concluded that the ALJ properly considered Plaintiff's past suicide attempts and subsequent hospitalizations and thus the Court should affirm the decision. Plaintiff again disagrees. According to Plaintiff, the ALJ did not properly address her numerous psychiatric hospitalizations. Rather, the evidence demonstrated that, even though she sought continued mental treatment, Plaintiff remained harmful to herself. Therefore, the Report and Recommendation failed to consider the totality of Plaintiff's psychiatric limitations and the Court should remand to allow the Commissioner to determine if the decision was supported by substantial evidence.

The Court agrees with the Magistrate Judge. Again, Plaintiff's cited case of *Hellebrand v. Comm'r of Soc. Sec.*, 2020 WL 9259848 (N.D. Ohio Aug. 4, 2020) is inapposite for the very reason Plaintiff cited in her Objection — the ALJ here did discuss Plaintiff's self-harm history. Specifically, when going through Step 3 of his analysis, the ALJ found Plaintiff moderately limited in adapting or managing herself. (Doc. 13, PageID: 90). When doing so, the ALJ specifically cited Plaintiff's hospitalizations and self-injurious behavior. (*Id.*). The ALJ also cited reasons to contextualize the hospitalization — the intensity of

outpatient care; the context in when the suicide attempts arose; and the lack of violent outbursts towards others. (*Id.*).

In objecting to this analysis, Plaintiff cites her continued care at the Nord Center and her continued self-abusive behavior. (Doc. 22, PageID: 989). But nowhere in her Objection does Plaintiff suggest this limitation rises to the level of a marked or extreme limitation under the law.[1] And even if Plaintiff's self-injurious thoughts rose to the level of a marked limitation, it is still not enough as the law requires two marked limitations in the paragraph B criteria. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00(A)(2)(b).

Finally, the Court agrees with the Magistrate Judge's finding that Plaintiff ignored the other evidence that demonstrated her ability to manage herself — Plaintiff could plan for herself and others; she maintained proper hygiene and attire; and she was aware of hazards and took the necessary precautions.

Ultimately then, a reasonable mind might accept this evidence as adequate to support the ALJ's determination. And even if there exists substantial evidence in her favor as Plaintiff claims, the Court must defer to the ALJ's well supported decision. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

---

[1] A 'marked limitation' occurs when an individual's functioning in an independent, appropriate and effective manner on a sustained basis is seriously limited. An 'extreme limitation' means an individual cannot function in an independent, appropriate and effective manner on a sustained basis. *See* 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.00(F)(2)(d) & (e).

### III. Conclusion

A close reading of the ALJ's decision reflects a thoughtful and well-reasoned approach to Plaintiff's claims. Accordingly, the Court finds that the Plaintiff's Objections are without merit; **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 21); and **AFFIRMS** the Commissioner's denial of Plaintiff's claim.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: September 13, 2021**